**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ESPERANZA SANTOS ON HER OWN BEHALF AND ON BEHALF OF THE CONJUGAL PARTNERSHIP COMPOSED BY ESPERANZA AND JOSÉ SANTOS AND WITH SONIA SANTOS AS HEIRS OF JOSÉ SANTOS | CIVIL NO. 13-1537<br><br>ACTION FOR DAMAGES AND IN TORT |
|     PLAINTIFFS, | PLAINTIFFS DEMAND TRIAL BY JURY |
|         V. | |
| AMERICA CRUISE FERRIES, INC.; JOHN DOE AND RICHARD ROE INSURANCE COMPANY, | |
|     DEFENDANTS. | |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT**

**TO THE HONORABLE COURT:**

**NOW COME** Plaintiffs Esperanza Santos, on her own behalf and on behalf of the conjugal partnership composed by her and José Santos and with Sonia Santos as heirs of José Santos, through their undersigned attorneys, **TRONCOSO & SCHELL**, and very respectfully state, allege and pray as follows:

**I. INTRODUCTION**

The instant action involves an accident that occurred to Mr. José Santos on board the MV Caribbean Fantasy ("the vessel") on August 25, 2012, while he was returning from the restaurant to his cabin. *Docket 24 at Paragraph 17.*

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

Due to the encounter of the vessel with Tropical Storm Isaac, Mr. Santos was thrown about and suffered severe cranium cerebral trauma to the back of his head because of the dangers encountered by the sea going vessel with Tropical Storm Isaac. Docket 24 at Paragraph 18.  Mr. Santos then required medical attention in various hospitals and other health facilities until June 2, 2014, when he passed away of medical conditions totally unrelated to the injury that was caused in the accident that he suffered on the MV Caribbean Fantasy of defendant America Cruise Ferries.  Further, the death of Mr. Santos is not the "result of such wrongful act, neglect or default as is mentioned in Section 761".  See Article 765 of DOHSA.  Attached as Exhibit 1 is a copy of the Certificate of Death of Mr. José Luis Santos, which shows that the manner of death was natural and the cause of death was cardiac respiratory failure, cardiac heart failure, severe mitral and tricuspid valves regurgitations and coronary artery disease.

Defendant alleges that DOHSA applies to the case.  However, there is nothing in the cause of death related to the accident on the vessel and the severe cranium cerebral trauma to the back of his head that he suffered on August 25, 2012. Further, his death occurred almost two (2) years after the accident suffered

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

on the vessel.  His death is not the result of the wrongful act, neglect or default that gave way to the damages suffered by Mr. Santos.

## II.  THE COMPLAINT

The allegations of plaintiffs are that on April 8, 2012, Plaintiffs Esperanza Santos made reservations with her husband José Santos, for a round trip voyage with Defendant Ferries from the Dominican Republic to Puerto Rico and return.  *Docket 24 at Paragraph 10*.  The reservation established that Plaintiff Esperanza Santos and her husband José Santos were scheduled to travel from Santo Domingo, Dominican Republic to San Juan, Puerto Rico on August 9, 2012 and they traveled on that date on the Ferries vessel.  *Id at Paragraph 11*.  Plaintiffs were scheduled to return to the Dominican Republic on August 24, 2012 and boarded the sea going vessel of Defendant Ferries on that date.  *Id at Paragraph 12*.

On August 24, 2012, Defendant Ferries allowed the boarding of passengers on the sea going vessel, including plaintiffs, without paying careful attention to the weather and climatological conditions that existed at the time*.  Id at Paragraph 13*.  On August 24, 2012, Defendant Ferries operated the sea going vessel from San Juan, Puerto Rico to Santo

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

Domingo, Dominican Republic, while there was in forecast and
existence the threat of a very dangerous Tropical Storm called
Isaac. *Id at Paragraph 14*. On August 24, 2012, the sea going
vessel of Ferries left port in San Juan, Puerto Rico and soon
encountered the extreme weather associated with Tropical Storm
Isaac. *Id at Paragraph 15*. Plaintiffs were scheduled to arrive
in Santo Domingo, Dominican Republic at 7:00am on August 25,
2012. However, due to the inclement weather encountered by the
ferry of the defendants, it was quite late in reaching Santo
Domingo. *Id at Paragraph 16*. On or around 11:30 a.m. on August
25, 2012, after having breakfast, decedent Jose Santos and his
wife, Esperanza Santos were in the process of returning to their
cabin. *Id at Paragraph 17*.

On August 25, 2012, because of the negligence of Defendant
Ferries, decedent José Santos while walking on the vessel with
his wife, Esperanza Santos, was thrown about and suffered severe
cranium-cerebral trauma to the back of his head, because of the
dangerous encounter of the sea going vessel with Tropical Storm
Isaac. Plaintiff Jose Santos started to bleed profusely and had
to be assisted by the crew of the vessel and passengers. *Id at
Paragraph 18*.

Plaintiffs further allege that it was totally irresponsible

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

and grossly negligent for the Defendant Ferries to operate the vessel on August 24 and 25 2012, knowing of the forecast, existence and threat of the severe weather associated with Tropical Storm Isaac. Because of that, Defendants are liable to plaintiffs for all of their damages. *Id at Paragraph 21.*

Decedent Jose Santos suffered serious injuries when, because of the severe weather encountered, he was thrown about, hit the back of his head and received severe trauma on August 25, 2012, while being transported as a fare paying passenger on board the sea going vessel of Defendants Ferries. *Id at Paragraph 22.*

Mr. José Santos was treated by several doctors and was hospitalized in several hospitals until June 2, 2014, when he passed away due to natural ailments unrelated to anything that happened on the vessel and not the result of any wrongful act, neglect or default that occurred on the vessel.

### III. DEATH ON THE HIGH SEAS ACT

Defendant alleges that the Death on the High Seas Act ("DOHSA"), applies to the plaintiffs' claim for Mr. Santos' damages. Defendant is wrong in the application of the Death on the High Seas Act to the instant case. The Supreme Court of the United States has held that the starting point in statutory

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

construction is, of course, the language of the statute itself,
<u>Blue Chip Stamps v. Maynard Drug Stores</u>, 421 U.S. 723, 756 95
S.Ct.1917, 1935 44L.Ed.2d 539 (1975).  The language of section
761 of the statute could not be any clearer, it deals with
death.

     In the instant case, this Honorable Court is not dealing
with a wrongful death action.  The DOHSA statute reads at
Section 761 of Title 46 that "whenever the <u>death</u> of a person
shall be caused by a wrongful act, neglect, or default occurring
on the high seas beyond a marine league from the shore of any
State, the personal representative of the decedent may maintain
a suit for damages in the district courts of the United States,
in admiralty, for the exclusive benefit of the <u>decedent's wife</u>,
<u>husband, parent, child, or dependent</u> relative against the
vessel, person, or corporation which would have been liable if
<u>death</u> had not ensued".  Emphasis supplied.

     The important element in this section of the statute is
that a death occur.  A death did not occur in this case and is
not the result of the accident suffered by Mr. José Santos on
board the vessel.

     However, Section 765 of DOHSA establishes that "if a person
<u>dies as the result of such wrongful act, neglect, or default</u> as

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

is mentioned in Section 761 of this Appendix during the pendency in a court of admiralty of the United States of a suit to recover damages for personal injuries in <u>respect of such act, neglect, or default</u>, the personal representative of the <u>decedent</u> may be substituted as a party and the suit may proceed as a suit under this chapter for the recovery of the compensation provided in section 762 of this Appendix". Emphasis supplied.

This section of the DOHSA does not apply to the Santos' case. It applies to a person that suffers damages in the vessel, files a lawsuit and then <u>dies as a result of the wrongful act, neglect or default that occurred on the vessel</u>. Mr. José Luis Santos died of natural causes, as can be ascertained from the Certificate of Death and is not the result of the wrongful act of the vessel, the neglect or default of the vessel. In the accident on board the vessel, Mr. José Luis Santos suffered severe cranium cerebral trauma to the back of his head. See *Docket 24 at Paragraph 18*. He died almost two (2) years after the accident from natural causes and the cause of death was cardiac respiratory failure, cardiac heart failure, severe mitral and tricuspid valves regurgitations and coronary artery disease. Because of this, Section 765 of DOHSA has no application in this case.

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

Plaintiffs have researched the cases cited by defendant and find that they deal with wrongful death cases or deal with personal injury cases, which eventually and directly caused the death of the plaintiff under Section 765. These cases are quite different from the instant case, in which the injury suffered by Mr. José Luis Santos on the vessel did not cause his death. There is no connection whatsoever between the injury suffered on the vessel and his death. Further, his death is not the result of any wrongful act, neglect or default which occurred on the vessel. Because of that, the allegations that the Death on the High Seas Act applies in the instant case are not correct. This is quite different from some of the cases that are included by defendant, which have a connection and there is a result between the accident and the death, and which do not apply to the facts of the Santos case. They will be discussed herein.

## IV. CASES CITED BY DEFENDANT

Defendant alleges that the applicable law is the Death on the High Seas Act. In the section where defendant argues that the applicable law is the Death on the High Seas Act, it mentions the case of <u>Offshore Logistics, Inc. vs. Tallentire</u>, 477 US 207 (1986), 106 S.Ct. 2485, 91 L.Ed.2d 174. It will be briefed below.

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

While it is true that Tallentire holds that "DOHSA is intended to provide a maritime remedy for deaths stemming from wrongful acts or omissions occurring on the high seas", this case involves a wrongful death action when the husbands of plaintiffs were killed in a helicopter that crashed on the high seas. Because of that, the case is not applicable as the Santos case is not a wrongful death case.

Defendant also argues that "plaintiffs' failure to allege the DOHSA as the jurisdictional base of the complaint warrants the dismissal of the complaint for lack of subject matter jurisdiction". For that preposition, defendant cites Delgado vs. Reef Resort Ltd. 364.F.3d 642, 646, (5th Cir. 2004). Delgado, however, involves a scuba diving accident where it was presumed that the diver died, as he never surfaced. Delgado held that the scuba diving accident was not the result of a maritime tort and DOHSA did not apply. 364 F.3d at 645. Of course, since DOHSA does not apply, the Delgado case does not stand for the proposition that a court should dismiss a complaint for lack of subject matter jurisdiction because DOHSA applies.

There is an allegation by defendant that because DOHSA is the statute, there is no right to a jury trial. However, this

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

does not apply in this case, as it is a personal injury case and
not a wrongful death case, and, although the plaintiff died, it
was almost two (2) years after the accident and he died of
natural causes, not causes related to or as a result of the
accident.

Although this may be a case under maritime law, in
admiralty and in common law, it has been held that a plaintiff
can preserve her/his right to a jury by pursing the so called
"saving to suitors" clause, 28 U.S.C., Sec. 1333 (1). Under
that section, the Federal District Courts have original
jurisdiction, exclusive of the courts of the States over
admiralty and maritime cases, saving to suitors in all cases all
other remedies to which they are otherwise entitled. Lewis v.
United States, 812 F. Supp. 620, 626 (Ed.Va. 1993). It has also
been held that "Federal Rule of Civil Procedure 38(a) provides
that the right of trial by jury, as declared by the Seventh
Amendment to the Constitution, or as given by a statute of the
United States, shall be preserved to the parties inviolate. Any
party can preserve its right to a jury by making a timely demand
for a jury trial and once the demand is made, both parties must
consent before it can be withdrawn". Fed.R.Civ.38(d), 39(a).

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

See Dell'Orfano v. Romano, 962 F.2d 199, 202, (2d Cir. 1992) and

Concordia Co., Inc. v. Panek, 115 F.3d 67 1997, (1st. Cir. 1997).

In this case, plaintiff made a timely jury demand.

Defendant also makes reference to Friedman v. Mitsubishi

Aircraft International, Inc., 678 F. Supp. 1064 (S.D.N.Y. 1988).

However, this case is also a wrongful death case involving the

court's diversity jurisdiction. Friedman makes reference to the

Tallentire case of the Supreme Court, where it is stated that

the DOHSA is the exclusive remedy when death results from a

plane crash on the high seas. However, since a death is not

involved in the instant case, it does not apply.

Offshore Logistics, Inc. v. Tallentire, supra, involves

wrongful death actions brought by widows of two (2) offshore

drilling platform workers. The facts in that case were that

respondents husbands were killed when petitioner Air Logistics

Helicopter, in which decedents were travelling crashed into the

high seas. The issue presented was whether the DOHSA provided

the exclusive remedy or the mentioned damages were covered by

the Louisiana wrongful death statute. Based alone in this

particular section of the DOHSA Act, it is clearly stated that

this Act is only applicable if the person died in the accident

occurring in the high seas.

11

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

The exception to this requirement is included in Section 765 of DOHSA, which establishes that "if a person <u>dies as the result of such wrongful act, neglect, or default as is mentioned in section 761 of this</u> Appendix during the pendency in a court of admiralty of the United States of a suit to recover damages for personal injuries in respect of such act, neglect, or default, the personal representative of the decedent may be substituted as a party and the suit may proceed as a suit under this chapter for the recovery of the compensation provided in section 762 of this Appendix". (Emphasis supplied).

In this case, Mr. Jose Santos died of natural causes almost two (2) years later due to other health problems, as referenced in the Certificate of Death, so it is not applicable. The DOHSA doesn't apply to personal injury complaints, this is strictly applied to complaints where the person has died as a result of the wrongful act, neglect or default occurring on the high seas.

In all of the cases that were found, during the research, the passenger had died in the cruise or shortly after disembarking the vessel as a result of the injury suffered on board the vessel. That is the reason that in these cases the DOHSA was applied.

Defendant also argues that DOHSA applicability includes any

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

death occurring in international waters and cites <u>In re Aircraft</u> <u>Disaster Near Bombay, India, on January 1, 1978</u>, 531 F.Supp. 1175 (W.D. Wash. 1982). This aircraft disaster case near Bombay involved an Air India Boeing 747, which crashed into the sea shortly after takeoff from Santa Cruz Airport, Bombay, India. All persons on board the aircraft were killed. Therefore, this is clearly a case involving wrongful death in which the court stated that the Death on the High Seas Act (DOHSA) applied, as it provided a remedy for death occurring beyond the states jurisdiction. In fact, the court made reference to a construction of the act in <u>Best v. Sikorsky Aircraft Division</u>, Civ. No. B-74-197 (D.Conn. May 16, 1979) when it stated as follows: "Congress was concerned when it passed (the Death on the High Seas Act) in 1920, to provide a wrongful <u>death</u> remedy for <u>deaths</u> occurring outside the reach of state law. Its explicit exception of deaths occurring within the territorial waters of a state was consistent with this purpose, but there is <u>no indication that Congress intended to carve out from the</u> <u>statute's range of applicability any other areas of general</u> <u>admiralty jurisdiction with which the Death on the High Seas Act</u> <u>is otherwise congruent</u>". Emphasis supplied. The Court held that the claims for wrongful death could proceed only under

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

Section 4 of the Death on the High Seas Act. This case is not applicable to the Santos case, as it is not a wrongful death case.

Defendant also cites the case of <u>Howard v. Crystal Cruises, Inc.</u>, 41 F.3d at 527, 531 (9th Cir. 1994). This case involves the wrongful death claim of a wife of a cruise passenger who died as a result of complications of injuries incurred while disembarking from a vessel in Mexico. The Court held that DOHSA provided the exclusive remedy for the wrongful death action. In <u>Howard</u>, the husband of plaintiff suffered a severe laceration to his right Achilles tendon, as he was disembarking from the Crystal Harmony Vessel, while anchored within Mexican territorial waters. He died less than a month after returning to his home in Sacramento, California and an autopsy revealed blood clots from the injured area in the cruise that had lodged in his arteries and fatally obstructed the flow of blood to his lungs. As can be seen, in the <u>Howard</u> case, the husband of plaintiff suffered a severe laceration to a tendon as he was disembarking from the Crystal Harmony and <u>died as a result of the severe laceration</u>, as there were blood clots from the injured area lodged in his arteries and fatally obstructed the flow of blood to his lungs. In that case, it is clear that

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

there is a connection between the wrongful acts occurred in the vessel and the death at a later time as a consequence of the injury as required by Section 765 of DOHSA.

Howard is quite different from the instant case, as Mr. Santos did not die as a result of any injury suffered on board the vessel of defendant and there is no connection with the wrongful acts that occurred on the vessel.

Defendant also cites Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d at 890 (5th Cir. 1984), to allege that the Death on the High Seas Act applies.  This is another wrongful death case involving the death of a diver who was working on a semi-submersible drilling rig located in the English Channel.  Azzopardi involved a wrongful death case and because of that is quite distinguishable from the Santos case and has no bearing on it.

Defendant also makes reference to In Re Air Crash Disaster Near Peggy's Cove, 210 F.Supp.2d 570 (E.D.Pa. 2002).  This, again, is a preclusion of recovery of punitive damages case under DOHSA and involves a wrongful death action, which is different from the Santos' case.  In that case, the lawsuits were filed on behalf of more than 140 decedent passengers on board Swissair Flight No. 111.

15

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

Defendant also cites the case of <u>Motts v. M/V Green Wave</u>, 210 F.3d 565 (5th Cir. 2000), which holds that DOHSA applies when the plaintiff is fatally injured on the high seas and the death occurs on shore at a later time.   In <u>Motts</u> the decedent joined the M/V Green Wave as Chief Engineer, the vessel encountered engine difficulties on its return voyage and Motts suffered a badly crushed pelvis and hip as a result of the intense roll of the vessel.   The treating physician who had extensive experience in hip surgeries stated that Motts suffered one of the most severe injuries he had ever treated.   Motts filed suit against CGL and LMS in federal court prior to his death and after his death Appellee Danna Motts, Neville Motts's wife was substituted as the plaintiff. Defendant LMS argued that DOHSA provided the exclusive remedy for any suit against it by Appellee.   The District Court held that DOHSA was not applicable.   The Court of Appeals reviewing the jurisprudence on DOHSA including <u>Tallentire</u> and <u>Executive Jet</u> found that DOHSA applied even though Motts was first injured on the vessel, but passed away at a later time of injuries that were the result of the cause of the accident on board the vessel, according to Section 765.

As can be ascertained, the <u>Motts</u> case is another case where the Court determined that the injury occurred on the vessel and

16

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

death occurred later on as a result of the negligent act which occurred on the vessel. In <u>Motts</u>, the injury was very severe and it was determined that Mr. Motts passed away later of injuries which were a result of the cause of the accident on board the vessel and DOHSA applied. That is quite different from the instant case, where Mr. José Luis Santos died of natural causes and not of causes resulting in any way to the accident suffered on the vessel.

Another wrongful death case cited by defendant is <u>Bergen v. F/V St. Patrick</u>, 816 F.2d 1345 (9th Cir. 1987). <u>Bergen</u> is a wrongful death claim involving deceased crew members in which the court held that punitive damages would not be allowed. In <u>Bergen</u> some of the fishing vessel's crew abandoned the ship and may have died from the cold in territorial waters off the vessel. However, the court applied DOHSA. This, again, is another wrongful death case, not applicable to the Santos' case because there is no connection between Mr. Santos' death and the accident that occurred on the vessel.

Defendant cites the case of <u>Garofalo v. Princess Cruises, Inc.</u>, 85 Cal.App.4th 1060(2000). In <u>Garofalo</u>, eighteen months after the cruise, Ms. Garofalo died as a result of medical conditions allegedly aggravated by a shipboard fire on board

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

Princess Cruises, Inc.  Because of that, the court found that DOHSA applied as Section 765 came into play because she died as a result of the wrongful acts suffered on board the vessel. This is quite different from the instant case in which Mr. Santos died because of natural causes, not as a result of the injuries he suffered on board the vessel.

<u>**V. CONCLUSION**</u>

It is evident that the instant case does not fall within the parameters of Sections 761 of the Death on the High Seas Act, as it does not involve a wrongful death.

Regarding the application of Section 765 of the Death on the High Seas Act, this case also does not apply to the Santos case, as in Santos the death is not the result of the wrongful acts, neglect or default that resulted from the accident that occurred on board the vessel.  Defendant has not been able to show that there is any connection or relationship between the accident that occurred on board the vessel and the death of Mr. José Luis Santos.  The courts have applied Sections 765, when there is the result of the injury and death and, in fact, Section 765 requires it.  See the decisions in <u>Howard v. Cristal Cruises, Inc.</u>, supra, <u>Motts v. M/V Green Wave</u>, supra, <u>Bergen v. F/V St. Patrick</u>, supra and <u>Garofalo v. Princess Cruises, Inc.</u>,

*Opposition to Motion for Summary Judgment*
*And Memorandum in Support*
Civil No. 13-1537

supra. All of these cases have and require the result that Section 765 requires for a wrongful death action under the DOHSA to apply.

In the accident, Mr. Santos suffered a severe cranium-cerebral trauma. However, as set forth above, the death of Mr. José Luis Santos occurred due to natural causes, which were cardiac respiratory failure; cardiac heart failure; severe mitral and tricuspid valves regurgitations; and coronary artery disease. There is no connection whatsoever between the accident that suffered Mr. José Luis Santos on board the vessel and his death, therefore, Section 765 of the Death on the High Seas Act does not apply and this is not a case that is governed by the Death on the High Seas Act.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August 2014.

**I HEREBY CERTIFY** that on August 18, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record.

*S/Francisco M. Troncoso*
**FRANCISCO M. TRONCOSO**
USDC-PR No. 120007
Attorney for Plaintiffs
PO Box 9023352
San Juan, PR 00902-3352
Tel: (787) 722-0741
Fax: (787) 724-2563
ftroncosolaw@yahoo.com